UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NICHOLAS WEIR,

                                        Plaintiff,              **REPORT AND**
                                                               **RECOMMENDATION**
          -against-                                             18-cv-6095 (DG)(SIL)

CITY OF NEW YORK, J. SAAB, ROSELIN
ANACACY, JOHN DOES, and JANE DOES,

                                        Defendants.


----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

        Presently before the Court in this civil rights litigation, on referral from the

Honorable Diane Gujarati for Report and Recommendation, is Defendant's City of

New York motion to dismiss *pro se* Plaintiff's complaint for failure to state a claim

upon which relief can be granted.[1]  *See* Docket Entry ("DE") [46].  By way of

Complaint dated September 26, 2018, later modified by an Amended Complaint dated

April 4, 2021, Plaintiff Nicholas Weir ("Plaintiff" or "Weir") brings this action against

the City of New York ("Defendant" or the "City"), J. Saab ("Saab"), Roselin Anacacy

("Anacacy"), John Does and Jane Does (collectively with the City, Saab and Anacacy,

"Defendants"), alleging violations of:  (i) 42 U.S.C. § 1983 ("Section 1983") with respect

to Plaintiff's Due Process, Equal Protection, First Amendment, and Fourth

Amendment rights; (ii) 42 U.S.C. § 1981 ("Section 1981") for discrimination and

_____

[1] Based on the docket, no other defendant has been served with, nor have any of them responded to,
either the original or Amended Complaint.  Accordingly, granting the City's motion will result in
dismissing the entire case.

retaliation; (iii) 42 U.S.C. § 1985 ("Section 1985") for conspiracy; (iv) 42 U.S.C. § 1986 ("Section 1986") for failure to prevent interference with civil rights; (v) Plaintiff's Seventh Amendment right to a jury trial; and (vi) the Thirteenth Amendment's prohibition against slavery, as well as (vii) violations of his rights afforded by the New York Constitution; and (viii) several state law claims sounding in tort, including negligence, nuisance, emotional distress, intentional interference with a contractual relationship, attempted murder and conspiracy.  *See* Complaint ("Compl."), DE [1-1]; Amended Complaint ("Am. Compl."), DE [31-1].[2]

For the reasons set forth herein, the Court respectfully recommends granting Defendant's motion.

# I.  BACKGROUND

Unless otherwise indicated, the facts set forth herein are taken from the Complaint and Amended Complaint and are accepted as true for purposes of the instant motion.

## A.    Relevant Facts

### 1.  Plaintiff's Claims Against the City

The Court notes that both Plaintiff's original and Amended Complaints provide little to no factual context and are largely incoherent.  Weir, a Black man born in Jamaica, asserts a multitude of claims, alleging that, while he was either a City University of New York ("CUNY") student or City employee, the City:  (i) withheld

---

[2] Consistent with footnote 1, the City's counsel does not represent any of the other defendants.  Upon review of the Amended Complaint, Plaintiff brings each cause of action against the City, either alone or with other defendants.

information relating to investigations into employee misconduct that Plaintiff requested under the Freedom of Information Law ("FOIL"); (ii) repeatedly disrupted or blocked Weir's internet and cell phone service; (iii) poisoned Plaintiff's food; (iv) funneled toxic gas into Weir's home and car; (v) unlawfully entered Plaintiff's residence; (vi) covered up retaliation by City employees; (vii) failed to properly train City employees to abide by the law; (viii) obstructed employee responses to Plaintiff's civil rights complaints; (ix) intimidated legal professionals in an effort to stop them from representing Weir; (x) sabotaged Plaintiff's right to a jury trial; (xi) retaliated against Weir for "speaking about the ongoing military retaliation in Judge Failla's Courtroom (SDNY) at a conference hearing" and for filing discrimination complaints; (xii) searched Plaintiff's room; (xiii) failed to conduct a "proper investigation" of retaliatory acts by employees when Plaintiff was a student at CUNY; (xiv) destroyed Weir's laptop adapter; (xv) assisted military personnel in "violat[ing] . . . the Plaintiff's constitutional and statutory rights such as due process under the Fourteenth Amendment"; (xvi) hacked into Weir's laptop; (xvii) compromised Plaintiff's phone service; (xviii) stalked Weir; (xix) caused Plaintiff to lose his job; and (xx) retaliated against Weir. *See generally* Compl.; Am. Compl.[3]

## 2. Plaintiff's Prior Actions Against the City

Weir's Amended Complaint references a previous action he brought against, *inter alia*, the City, that the Honorable Joseph F. Bianco dismissed, *sua sponte*, as frivolous (the "2018 Action"). *See* Am. Compl. ¶ 30; *Weir v. Federally Funded*

---

[3] While not specified, it appears that these claims are based on events occurring from 2013 to 2019. *See generally* Am. Compl.

*Agencies/Entites & Its Agents*, No. 18CV4335JFBGRB, 2018 WL 9815969 (E.D.N.Y.
Sept. 21, 2018), DE [13].[4]  In that case, removed from New York Supreme Court,
Nassau County, Plaintiff alleged that the City: (i) retaliated against him, in violation
of Section 1983, for lodging discrimination complaints and "speaking about the
ongoing military retaliation in Judge Failla's Courtroom (SDNY) during a
conference"; (ii) obstructed employee responses to Plaintiff's civil rights complaints,
in violation of Section 1985; (iii) declined to prevent or aid in preventing the violation
of Weir's Section 1983 and 1985 rights, in violation of Section 1986; (iv) unlawfully
entered and searched Plaintiff's room, in violation of his Fourth Amendment rights;
(v) poisoned Weir's food; (vi) funneled toxic gas into Plaintiff's car; (vii) sabotaged
Weir's right to a jury trial; (viii) intimidated legal professionals in an effort to stop
them from representing Plaintiff; (ix) failed to properly train City employees to abide
by the law; (x) negligently hired employees; (xi) assisted military personnel in
"violat[ing] . . . [Plaintiff's] constitutional and statutory rights"; (xii) failed to conduct
a "proper investigation" of retaliatory acts by employees when Weir was a student at
CUNY; (xiii) compromised Plaintiff's phone service; (xiv) destroyed Weir's laptop
adapter; (xv) stalked Plaintiff; (xvi) interrupted Weir's internet connection; (xvii)
hacked into Plaintiff's computer; and (xviii) caused Weir to lose his job. *See Weir*,
2018 WL 9815969, DE [1-1], at 26-31.

---

[4] Judge Bianco noted that the 2018 Action was Plaintiff's third complaint in this Court alleging similar
claims against many of the same defendants. *See Weir*, 2018 WL 9815969, DE [13], at 2.  He has also
filed similar complaints in the United States District courts for the Southern District of New York and
the District of Connecticut, each of which were dismissed, as well as in the New York State Court
system. *See id.*

On September 21, 2018, Judge Bianco *sua sponte* dismissed Plaintiff's complaint in that action, concluding that his claims "appear[ed] wholly incredible and [could] only be described as the 'product of delusion or fantasy,'" even after construing Weir's pleadings liberally. *See id.*, DE [13], at 5-6. Accordingly, Judge Bianco dismissed all of Plaintiff's claims as "factually frivolous." *See id.* at 6. Further, Judge Bianco ordered Weir that "future, similar complaints against these parties filed in this Court *or* state court (that are then removed to this Court) will not be allowed to continue." *See id.* at 7-8 (emphasis in original) ("If plaintiff persists in this course of action, the Court will require that plaintiff show cause as to why he should not first seek leave of Court before submitting such filings."). Finally, Judge Bianco warned Weir that Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 11 applies to *pro se* litigants, and that the Court may impose sanctions pursuant to that rule should Plaintiff file another action against these parties relating to this subject matter. *See id.* at 8. Weir appealed Judge Bianco's dismissal of the 2018 Action, and the Second Circuit affirmed the decision on June 11, 2019. *See id.*, DE [18]. Plaintiff maintains that Judge Bianco's dismissal of the 2018 Action deprived him of due process because, "by blindly dismissing the factual allegations as frivolous and incredulous, the retaliations intensified." Am. Compl. ¶ 30.

### B.   <u>Procedural History</u>

Plaintiff commenced this action in New York Supreme Court, Queens County, on September 26, 2018. *See* Compl. The Complaint sought injunctive and declaratory relief and damages, and contained largely the same allegations as those in the

Amended Complaint, except for the causes of action regarding FOIL requests.  *See generally* Compl.  The Complaint asserted that individuals, Jane Does and John Does, intentionally opened Plaintiff's mail, hit his car or staged a car accident, bribed Weir's former employer to terminate his job and sabotaged several of his job opportunities, but these allegations do not appear in the Amended Complaint.  *See generally* Compl.; Am. Compl.  The action was removed to this Court on October 31, 2018 and was reassigned to Judge Bianco on November 7, 2018.  *See* DE [1]; Electronic Order Reassigning Case dated November 7, 2018.  Judge Bianco denied Weir's motion to remand the action on January 8, 2019.  *See* DE [12].  The case was subsequently reassigned to the Honorable Roslynn R. Mauskopf, and finally to Judge Gujarati.  *See* Electronic Orders dated May 30, 2019, January 14, 2021.

On April 4, 2021, Weir sought leave to file an Amended Complaint, and the City did not object.  *See* DE [31], [39].  The Court granted Plaintiff's motion to amend the Complaint on May 3, 2021, deeming his Proposed Amended Complaint, DE [31-1] the operative Complaint in this action.  The Amended Complaint also seeks declaratory and injunctive relief.  *See generally* Am. Compl.  This Court granted the City's motion to stay discovery pending the resolution of the instant motion.  *See* DE [35].  On July 16, 2021, the City moved to dismiss the Amended Complaint on the grounds that it fails to state a claim upon which relief can be granted.  *See* Defendant City of New York's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint ("Def. Mem."), DE [47].  Plaintiff opposes the motion.  *See*

Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss the Amended Complaint ("Pl. Opp."), DE [49].

## II. LEGAL STANDARDS

Defendants move to dismiss for failure to state a cause of action, pursuant to Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 127 S. Ct. at 1949.  In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)).

## III. DISCUSSION

The City argues that Plaintiff's Amended Complaint should be dismissed under the doctrine of *res judicata*, as a result of Judge Bianco's dismissal of the 2018 Action or, alternatively, for failure to state a claim.  Applying the above standards, and for the reasons set forth below, the Court respectfully recommends granting Defendant's motion to dismiss.

Initially, the City contends that Plaintiff's claims are barred by *res judicata*, or claim preclusion, *see* Def. Mem. at 5-11, which is properly considered under a Rule 12(b)(6) motion to dismiss. *See Brown Media Corp. v. K&L Gates, LLP*, 551 B.R. 708, 717 (E.D.N.Y. 2015) (quoting *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994)) ("[R]es judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). *Res judicata* "prevents a plaintiff from raising a claim that was or could have been raised in a prior suit." *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007); *see also Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984); *Farbstein v. Hicksville Pub. Library*, 323 F. Supp. 2d 414, 422-23 (E.D.N.Y. 2004). To determine whether *res judicata* precludes subsequent litigation, a court must find that: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same] parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks and citations omitted); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000); *Kesten v. Eastern Sav. Bank*, No. 07-cv-2071, 2009 WL 303327, *3 (E.D.N.Y. Feb. 9, 2009) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (under New York's "transactional" approach to claim preclusion, a claim should have been brought if it arises "out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief"). To determine whether particular claims are part of the same transaction,

New York courts analyze "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc.*, 652 F. Supp. 2d 463, 472 (S.D.N.Y. 2009).

Applying the above standards, the Court finds that the City has satisfied the three elements necessary to establish *res judicata* and preclude all of Plaintiff's claims. Initially, the parties do not dispute that Weir brought the 2018 Action against, *inter alia*, the City. Moreover, Plaintiff does not attempt to dispute the fact that the 2018 Action raised the same or substantially similar claims, or that he could have asserted the causes of action alleged in this case in the 2018 Action. In any event, the Court notes that the causes of action in the Amended Complaint are virtually identical to those alleged in the 2018 Action. *See* Def. Mem. at 6-8. Any facial differences in causes of action between the Amended Complaint and the 2018 Action are immaterial, as Weir details facts that involve the same set of events as the 2018 Action – namely, the same conduct of the City or its employees throughout Plaintiff's tenure as a student and employee, as well as any investigations into such conduct – and does not explain why he could not have brought such claims in the earlier action. *See Mendes da Costa v. Marcucilli*, 792 F. App'x 865, 867 (2d Cir. 2019), *cert. denied sub nom. Da Costa v. Pereira*, 140 S. Ct. 2765, (2020), *reh'g denied sub nom. Mendes Da Costa v. Pereira*, 141 S. Ct. 198 (2020).

Weir argues only that he was not provided with a "full and fair opportunity to address the issues noted in the prior action."  Pl. Opp. at 7-8.  The Court disagrees. All of Plaintiff's present claims are identical in form and substance to the claims raised in the 2018 Action, which Judge Bianco dismissed as frivolous, s*ee Weir*, 2018 WL 9815969, DE [13], at 4-6, and "operates as a final judgment on the merits and thus has res judicata effects."  *Mendes da Costa*, 792 F. App'x at 867; *Shoemaker v. Am. Broad. Companies*, Inc., No. 99 CIV. 2610 (DAB), 1999 WL 1084247, at *3-*5 (S.D.N.Y. Dec. 1, 1999) (barring claims on the principle of *res judicata* where prior similar action was dismissed for failure to state a claim as "frivolous on its face"). While Judge Bianco did not explicitly dismiss the 2018 Action with prejudice, he concluded that "future, similar complaints against these parties," whether filed in or removed to this Court, "will not be allowed to continue," and characterized Weir's "continued filing of repetitive, frivolous complaints" as "an abuse of the judicial process."  *Weir*, 2018 WL 9815969, DE [13], at 7-8.  Judge Bianco warned Plaintiff that the Court would, in the future, require him to show cause as to why he should not first seek leave of Court before filing further actions, as well as possibly impose sanctions.  *See id.*  Accordingly, Plaintiff was afforded a full and fair opportunity to address the issues in the 2018 Action, which were dismissed on their merits.  As a result, the Court respectfully recommends that the City's motion to dismiss be granted, and Plaintiff's Amended Complaint be dismissed with prejudice.[5]

---

[5] Were the Court to analyze the City's motion under Rule 12(b)(6) for failure to state a claim, the motion would still be granted.  Plaintiff's Amended Complaint is impossible to follow.  Although he makes vague references to Section 1981, Section 1983, Section 1985, Section 1986, the First, Fourth, Seventh, Thirteenth and Fourteenth Amendments, and various tort claims, Weir fails to adequately

## IV.  CONCLUSION

For the reasons stated above, the Court respectfully recommends that the City's motion to dismiss be granted, with prejudice, pursuant to the doctrine of *res judicata*.

## V.  OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.[6]   Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:        Central Islip, New York
              October 28, 2021

                              /s/ Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge

---

allege sufficient facts to sustain any of them.  Rather, each cause of action is asserted in conclusory fashion, with pasted caselaw rather than factual support.  Accordingly, even if the doctrine of *res judicata* did not apply, the Amended Complaint would nevertheless be subject to dismissal.

[6] Plaintiff consents to electronic notifications in this action.  *See* DE [24].