UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Nicholas Weir,

                            Plaintiff,

         -against-

City of New York; Roselin Anacacy; J. Saab;
Jane Does; and John Does,

                        Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

18-CV-06095 (DG) (SIL)

DIANE GUJARATI, United States District Judge:

By Complaint dated September 26, 2018, Plaintiff Nicholas Weir, proceeding *pro se*,

commenced this action in New York Supreme Court, Queens County against Defendants City of

New York, Roselin Anacacy, J. Saab, Jane Does, and John Does.  *See generally* Complaint, ECF

No. 1-1.  The case was removed to this Court on October 31, 2018.  *See* Notice of Removal, ECF

No. 1.

Plaintiff subsequently filed the operative Amended Complaint, in which Plaintiff alleges

violations of 42 U.S.C. § 1983 with respect to Plaintiff's Due Process, Equal Protection, First

Amendment, and Fourth Amendment rights; 42 U.S.C. § 1981 for discrimination and retaliation;

42 U.S.C. § 1985 for conspiracy; 42 U.S.C. § 1986 for failure to prevent interference with civil

rights; Plaintiff's Seventh Amendment right to a jury trial; the Thirteenth Amendment; and

Plaintiff's rights afforded by the New York Constitution, as well as several state law claims

sounding in tort, including negligence, nuisance, emotional distress, intentional interference with

a contractual relationship, attempted murder, and conspiracy.  *See generally* Amended Complaint

("Am. Compl."), ECF No. 31-1.[1]  In the Amended Complaint, Plaintiff seeks "damages

---

[1] By Order of Magistrate Judge Steven I. Locke issued on May 3, 2021, a motion to amend filed
by Plaintiff on April 4, 2021, *see* Motion to Amend, ECF No. 31, was granted without

including punitive damages, aggravated damages, and nominal damages as well as declaratory orders and permanent restraining orders." *See* Am. Compl. at 12.[2]

On July 16, 2021, Defendant City of New York (the "City") filed a motion to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See* City's Notice of Motion to Dismiss the Amended Complaint, ECF No. 46; City's Memorandum of Law in Support of Motion to Dismiss the Amended Complaint, ECF No. 47; City's Reply Memorandum of Law in Further Support of Motion to Dismiss the Amended Complaint, ECF No. 51.  Plaintiff opposes the City's motion.  *See* Plaintiff's Memorandum of Law in Opposition to City's Motion to Dismiss the Amended Complaint, ECF No. 49.

As attachments to his memorandum of law in opposition to the motion to dismiss, Plaintiff filed a motion for leave to amend his complaint a second time and filed a Proposed Second Amended Complaint.  *See* Notice of Motion for Leave to Amend the Amended Complaint, ECF No. 49-2; Proposed Second Amended Complaint, ECF No. 49-3.

On October 8, 2021, I referred the City's motion to dismiss to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R").  *See* October 8, 2021 Order.  On October 28, 2021, Judge Locke issued an R&R recommending that the City's motion to dismiss be granted, with prejudice.  *See generally* R&R, ECF No. 52.[3]

---

opposition and Plaintiff's Amended Complaint, ECF No. 31-1, was deemed the operative complaint in this action.  *See* May 3, 2021 Order.

[2] For Plaintiff's filings, including the Amended Complaint, the Court refers to the cited filing's internal pagination rather than the pagination generated by the Court's electronic case filing system ("ECF").

[3] Judge Locke's R&R did not address Plaintiff's motion for leave to amend his complaint a second time, or the allegations in Plaintiff's Proposed Second Amended Complaint.

Plaintiff timely filed objections to the R&R on November 23, 2021.  *See* Plaintiff's

Objection to the R&R ("Pl.'s Obj."), ECF No. 54.  On December 7, 2021, the City filed a

response to Plaintiff's objections to the R&R.  *See* City's Memorandum of Law in Opposition to

Plaintiff's Objections to the R&R ("City's Obj. Br."), ECF No. 55.  On January 3, 2022, Plaintiff

filed a reply to the City's response.  *See* Plaintiff's Reply to Opposition to His Objection to the

R&R ("Pl.'s Obj. Reply"), ECF No. 57.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

72(b).  A district court "shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de

novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista*

*Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of

the magistrate judge's recommendation that has been properly objected to must be reviewed by

the district judge *de novo*."); *Killoran v. Westhampton Beach Sch. Dist.*, No. 17-CV-00866, 2021

WL 665277, at *1 (E.D.N.Y. Jan. 25, 2021).  To accept those portions of an R&R to which no

timely objection has been made, however, "a district court need only satisfy itself that there is no

clear error on the face of the record."  *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161,

163 (E.D.N.Y. 2011) (quotation marks omitted).

"[O]bjections to a report and recommendation 'must be specific and clearly aimed at

particular findings in the magistrate judge's proposal.'"  *Kosmidis v. Port Auth. of N.Y. & N.J.*,

No. 18-CV-08413, 2020 WL 7022479, at *1 (S.D.N.Y. Nov. 30, 2020) (quoting *Molefe v. KLM*

*Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)); *see also Molefe*, 602 F. Supp. 2d at 487 ("The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings."). "[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, No. 09-CV-00272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) (quotation marks omitted); *see also Molefe*, 602 F. Supp. 2d at 487.

"[W]hile objections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Torres v. Bellevue S. Assocs. L.P.*, No. 16-CV-02362, 2020 WL 3373322, at *2 (S.D.N.Y. June 18, 2020) (alterations accepted) (quotation marks omitted); *see also Minto v. Molloy Coll.*, No. 16-CV-00276, 2021 WL 804386, at *2 (E.D.N.Y. Mar. 3, 2021).

## DISCUSSION

For the reasons that follow, the Court adopts Judge Locke's recommendations that the City's motion to dismiss be granted and that this case be dismissed with prejudice.

In the R&R, Judge Locke concludes that all of Plaintiff's claims in the instant action are precluded by the doctrine of *res judicata*, based on a prior action that Plaintiff brought against, *inter alia*, the City, that was *sua sponte* dismissed as frivolous by then-District Judge Joseph F. Bianco (the "2018 Action"). *See* R&R at 3-5, 8-11 (citing *Weir v. Federally Funded Agencies/Entites & Its Agents*, No. 18-CV-04335, 2018 WL 9815969 (E.D.N.Y. Sept. 21, 2018)). In reaching this conclusion, the R&R rejects Plaintiff's argument that he was not

4

provided with a "full and fair opportunity" to address the issues in the 2018 Action.  *See id.* at

10.  Additionally, Judge Locke concludes in the R&R that, "even if the doctrine of *res judicata*

did not apply, the Amended Complaint would nevertheless be subject to dismissal" under Rule

12(b)(6) for failure to state a claim, because the Amended Complaint "is impossible to follow;"

"fails to adequately allege sufficient facts to sustain any of [Plaintiff's claims];" and asserts each

cause of action "in conclusory fashion, with pasted caselaw rather than factual support."  *See id.*

at 10-11 n.5.

Plaintiff states that he objects to the R&R "in its entirety" and requests that the R&R be

retracted and amended "to reflect objective reasonableness, basic laws, and basic principles."

*See* Pl.'s Obj. at 9.  Plaintiff further objects to the R&R on the basis that Judge Locke, in

Plaintiff's view, "disregarded" the obligation to "mak[e] all plausible inferences in favor of the

non-moving party but also in a more liberal manner for a pro se litigant," *see id.* at 7, and "just

decide[d] to declare [the Amended Complaint] as 'impossible to follow,'" *see id.* at 9.

Plaintiff also appears to take issue with the R&R's *res judicata* analysis in at least two

respects.  First, Plaintiff argues that certain "factual allegations such as those noted in paragraphs

30 and 31 in the Amended Complaint occurred after dismissal of the 2018 Action," and that the

Amended Complaint contains certain claims, including Plaintiff's claims pertaining to FOIL and

Plaintiff's claims under 42 U.S.C. § 1981, that were absent from Plaintiff's complaint in the

2018 Action.  *See* Pl.'s Obj. at 8.  Second, Plaintiff argues that he was not given a "full and fair

opportunity in the 2018 Action."  *See id.* at 6; *see also id.* at 5 (arguing that the actions taken by

Judge Bianco in the 2018 Action – including "the abrupt dismissal and threat of sanction" – were

not objectively reasonable).

Additionally, Plaintiff in his objections briefing "requests leave or miscellaneous relief from the Court to include the [Proposed Second Amended Complaint] . . . for consideration when adjudicating the pending report and recommendation." *See* Pl.'s Obj. Reply at 5.  Plaintiff appears here to seek to have the Court consider the allegations in the Proposed Second Amended Complaint in considering the R&R.

Plaintiff's objections to the R&R lack merit.

As an initial matter, many of Plaintiff's objections are not specific or clearly aimed at particular findings in the R&R.  *See, e.g.*, Pl.'s Obj. at 6 (arguing generally that Judge Locke's R&R is "profoundly offensive to objective reasonableness and commonsense, but also starkly contradicts several basic laws and principles of the Court in being an impartial interpreter of the law").  Moreover, certain of Plaintiff's objections merely repeat the same arguments that Judge Locke considered and rejected in the R&R.  *Compare* Pl.'s Obj. at 6 (arguing that Plaintiff did not receive a "full and fair opportunity in the 2018 Action"), *with* R&R at 10 ("[Plaintiff] argues only that he was not provided with a full and fair opportunity to address the issues noted in the prior action . . . .  The Court disagrees." (citation omitted) (quotation marks omitted)).  Neither type of objection is sufficient to obtain *de novo* review.  *See Wright v. Artus*, No. 13-CV-06169, 2018 WL 4440493, at *2 (S.D.N.Y. Sept. 17, 2018).

Nevertheless, out of an abundance of caution and in light of Plaintiff's *pro se* status, the Court applies *de novo* review here.  Even upon *de novo* review, however, dismissal of Plaintiff's claims is warranted.

Beginning with Plaintiff's arguments regarding the R&R's *res judicata* analysis, the Court, for the same reasons given in the R&R, concludes that the doctrine of *res judicata* precludes many – if not all – of Plaintiff's claims in the instant action.  *See* R&R at 7-10; *see*

*also Knight v. United States*, No. 06-CV-06581, 2007 WL 2667455, at *3 (E.D.N.Y. Sept. 6, 2007) (indicating that dismissal of an action as frivolous operates as "a final judgment on the merits" for purposes of the *res judicata* doctrine).  Contrary to Plaintiff's argument, and as indicated in the R&R, Plaintiff was afforded a full and fair opportunity to address the issues in the 2018 Action.  *See* R&R at 10; *see also Ates v. United States*, No. 20-CV-04334, 2020 WL 6202672, at *4 (E.D.N.Y. Oct. 22, 2020) (dismissing case, in part, on *res judicata* grounds, where plaintiff sought to assert the same claims raised in two separate cases that were dismissed as frivolous and malicious).

As to Plaintiff's objections concerning claims asserted in the Amended Complaint not asserted in the complaint in the 2018 Action (*e.g.*, claim(s) under 42 U.S.C. § 1981), contrary to Plaintiff's arguments, these claims also are barred by *res judicata*, for the same reasons set forth in the City's objections response papers, *see* City's Obj. Br. at 8 – chief among them, that these claims "arise from the same transaction, or involve a common nucleus of operative facts" as did Plaintiff's claims in the 2018 Action.  *See Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quotation marks omitted), *cert. denied*, No. 21-749, 2022 WL 89378 (Jan. 10, 2022).

To the extent that Plaintiff objects to the R&R on the basis that he has, in the instant action, brought a claim or claims arising out of events that occurred after the 2018 Action and that *res judicata* does not bar any such claim or claims, *see, e.g.*, Pl.'s Obj. at 8 (referring to "factual allegations" that Plaintiff submits "occurred after dismissal of the 2018 Action"), any such objection does not alter the Court's ultimate conclusion that all of Plaintiff's claims warrant dismissal.  Even if the Court were to accept that Plaintiff has stated a claim or claims not barred by *res judicata*, any such claim or claims would be subject to dismissal under Rule 12(b)(6) for

failure to state a claim, as reasoned in the R&R.  *See* R&R at 10-11 n.5; *see also id.* at 7 (setting forth the legal standards applicable to determining whether a claim is plausibly stated).

As to Plaintiff's generalized argument that Judge Locke failed to "mak[e] all plausible inferences in favor of the non-moving party but also in a more liberal manner for a pro se litigant," *see* Pl.'s Obj. at 7, and "just decide[d] to declare [the Amended Complaint] as 'impossible to follow,'" *see id.* at 9, the Court concludes that Judge Locke, in his R&R, correctly set forth and applied the appropriate standard of review, *see* R&R at 7.

Finally, the Court notes that it has reviewed the allegations in Plaintiff's Proposed Second Amended Complaint and determined that those allegations, too, would be subject to dismissal either on the basis of *res judicata* or for failure to state a claim – and also for frivolousness.[4] Accordingly, even if the Court were to consider the allegations in the Proposed Second Amended Complaint in resolving the City's motion to dismiss, those allegations would not alter the Court's analysis herein.

---

[4] The Proposed Second Amended Complaint includes, *inter alia*, allegations regarding "unlawful actions such as disrupting or completely blocking the Plaintiff's internet connection and cell phone service on many occasions, poisoning food items, funneling toxic gases, and unlawful entry of residence," *see* Proposed Amended Complaint at 4; *see also id.* at 6 (alleging that the City, among others, "poisoned the food in the Plaintiff's refrigerator from Fall 2013 to Spring 2018"), and "a broad cover-up of . . . unlawful retaliatory actions by the City of New York," *see id.* at 4.  These allegations, even construed liberally in Plaintiff's favor and viewed with the "special solicitude" afforded to *pro se* litigants, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), would be subject to dismissal for frivolousness, *see Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis in either law or fact.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The Court notes that, although Judge Locke's R&R did not address the propriety of dismissing the operative Amended Complaint for frivolousness, the Amended Complaint, like the Proposed Second Amended Complaint, includes sufficiently frivolous allegations to warrant dismissal on this ground as well.  *See, e.g.*, Am. Compl. at 4, 8, 10 (alleging that the City, among others, "disrupted or completely blocked the Plaintiff's internet connection and cell phone service on many occasions," "funneled toxic gas in the Plaintiff's room," and "ha[s] been maliciously stalking the Plaintiff").

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, a court need not grant leave to amend "where amendment would be 'futile.'"  *See Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *accord Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02978, 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018).  Because all claims in the Proposed Second Amended Complaint, even construed liberally in Plaintiff's favor and viewed with the "special solicitude" afforded to *pro se* litigants, *see Tracy*, 623 F.3d at 101, "would be subject to dismissal for failure to state a complaint upon which relief may be granted and therefore could not survive a [Rule 12(b)(6)] motion to dismiss," *see Doyle v. United Airlines, Inc.*, 914 F. Supp. 2d 325, 333 (E.D.N.Y. 2012) (quotation marks omitted), or would be subject to dismissal for frivolousness, *see, e.g.*, *Lamb*, 698 F. App'x at 2 ("[G]iven the wholly incredible nature of the alleged facts upon which appellants' claims are based, the District Court reasonably concluded that granting leave to amend would be futile."), the Court concludes that granting leave to amend would be futile here.  Accordingly, Plaintiff's request to have the Proposed Second Amended Complaint deemed the operative complaint in this action, *see* ECF No. 49-2, is denied.

For the reasons set forth above, I adopt the R&R's recommendations that the City's motion to dismiss be granted and that this case be dismissed with prejudice.  Further, Plaintiff's request for leave to amend is denied.

## CONCLUSION

For the reasons set forth above, Defendant City of New York's Motion to Dismiss, ECF No. 46, is granted and this action is dismissed with prejudice.  Also for the reasons set forth above, Plaintiff's Motion for Leave to Amend the Amended Complaint, ECF No. 49-2, is denied.

The Clerk of Court is directed to enter judgment accordingly, to close this case, and to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: February 1, 2022
         Brooklyn, New York

10